IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRYL BOUCH,                    )
                                )
            Plaintiff,          )
                                )
    v.                          )
                                ) Civil Action No. 10-970
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant.          )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 16th day of August, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB and SSI applications on June 18, 2007, alleging disability beginning July 1, 2006, due to bipolar disorder. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on July 27, 2009. On August 5, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 12, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an eleventh grade education, was 20 years old at the time of her alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has no past relevant work experience, and she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

AO 72
(Rev. 8/82)

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of low back pain and bipolar disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional limitations. Plaintiff requires work that permits her to stand for two minutes every hour, she is limited to performing only occasional balancing, bending, stooping and crawling, and she must avoid exposure to temperature extremes. In addition, plaintiff is limited to simple, routine, repetitive tasks that are performed in a low stress environment and that involve only few changes in the work processes and no quota-based production standards. Further, plaintiff must have only occasional interaction with co-workers and supervisors and no interaction with the public. Finally, plaintiff cannot have access to alcohol or drugs (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable her to perform work that exists in significant numbers in the national economy, such as a surveillance system monitor, waxer of glass products and dowel inspector. Accordingly, the ALJ found that plaintiff is not

disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 2 and 5 of the sequential evaluation process. Plaintiff

argues at step 2 that the ALJ erred in failing to find that certain of her claimed impairments are "severe." Further, plaintiff claims the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court finds that these arguments lack merit.

Plaintiff first argues that the ALJ erred in finding that her migraine headaches and knee pain are not severe impairments. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits her physical or mental ability to perform basic work activities.[1] 20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a).

---

[1]Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that her claimed impairments are severe. 20 C.F.R. §§404.1512(c), 416.912(c); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as she has not proffered evidence to establish that her migraine headaches and knee pain present more than a minimal impact on her ability to perform basic work activities.

In particular, the court notes that plaintiff's treating orthopedic physician indicated on three occasions that she had no work restrictions related to her complaint of left knee pain. (R. 411-12, 414). Likewise, no treating physician identified any functional limitations as a result of plaintiff's migraine headaches. Accordingly, the court finds the ALJ did not err in making his step 2 finding.[2]

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual

---

[2] Plaintiff's severity argument is further undermined by the fact that she completed a disability report on which she indicated that bipolar disorder is the only condition that limits her ability to work, not the other impairments that she now claims are severe. (R. 165).

AO 72
(Rev. 8/82)

functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he did not properly evaluate her credibility concerning her complaints of pain and other limitations. Plaintiff also claims the ALJ improperly relied on her activities of daily living in evaluating her credibility and assessing her residual functional capacity. The court finds these arguments lack merit.

Plaintiff first claims that the ALJ erred in evaluating her subjective complaints regarding her impairments and resulting limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found plaintiff's testimony not entirely credible.

AO 72 (Rev. 8/82)

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of her treatment, including her medications, plaintiff's own statements about her symptoms and statements by a consultative physician who examined her. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 16). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 16-18), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ improperly relied on her activities of daily living in evaluating her credibility and assessing her residual functional capacity. While it is well established that sporadic or transitory activity does not disprove disability, see Smith v. Califano, 637 F.2d 968, 971-72 (3d Cir. 1981), the ALJ did not solely judge plaintiff's credibility or assess her residual functional capacity based on her activities

of daily living. To the contrary, the ALJ properly considered plaintiff's activities of daily living, in conjunction with other factors, to assess her credibility, which he is permitted to do in accordance with 20 C.F.R. §§404.1529 and 416.929. As stated above, the ALJ's credibility finding is supported by substantial evidence. Accordingly, plaintiff's argument regarding the ALJ's consideration of her activities of daily living lacks merit.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Jessica L. Rafferty, Esq.
Quatrini Rafferty
550 East Pittsburgh Street
Greensburg, PA 15601

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219